**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MULTIBANK 2009-1 RES-ADC VENTURE, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>     vs.<br><br>DOUGLAS HARRISON, an individual; WENDY R. HARRISON, an individual; EDWARD C. BARAN, JR., an individual; and KATHRYN A. BARAN, an individual,<br><br>             Defendants. | Case No.: 2:10-cv-01722-GMN-PAL<br><br>**ORDER** |

Pending before the Court is Plaintiff Multibank 2009-1 RES-ADC Venture, LLC's ("Multibank") Motion for Voluntary Dismissal by Court Without Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 25.) Also before the Court is Defendants' Countermotion for the imposition of attorney's fees and costs to accompany any Order of Dismissal. (ECF No. 26.)

**BACKGROUND**

Plaintiff filed its Complaint in October 2010. (ECF No. 1.) In February 2011, the Clerk of the Court filed a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which requires proof of service within 120 days after the complaint is filed. (ECF No. 9.) Defendants filed a Motion to Dismiss pursuant to Rule 4(m) on March 18, 2011. (ECF No. 12.) Plaintiff filed its Response on April 8, 2011, opposing the Motion to Dismiss on the grounds that service was properly effected shortly after the 120-day period and that diligent attempts were made to serve Defendants within the required time frame. (ECF No. 15.) Defendants filed their Reply on April 18, 2011, challenging Plaintiff's arguments that good cause existed for the failure. (ECF No. 16.) In May 2011, the Court permitted Plaintiff to file a

Supplement to their Response to the Motion to Dismiss, to which Defendants filed a Reply. (ECF Nos. 18-21.) On August 23, 2011, Defendants filed a Supplement to the Motion to Dismiss, arguing in addition that Plaintiff had no standing to sue. (ECF No. 24.)

On November 16, 2011, Plaintiff's counsel requested that Defendants stipulate to a dismissal without prejudice. (Mot. for Voluntary Dismissal, 2:28 – 3:1-1, ECF No. 25.) Defendants' counsel responded by requesting time to think about the question. (*Id*. at 3:1-2.) On November 23, 2011, Plaintiff's counsel again offered to stipulate to dismissal, and requested a response by December 1, 2011, to which there was none. (*Id*. at 3:2-4, Ex. 1.)

Plaintiff filed the instant Motion for Voluntary Dismissal on December 9, 2011, requesting dismissal without prejudice under Rule 41(a)(2) "so that Plaintiff or its successor in interest may re-file the action in State court." (Mot. for Voluntary Dismissal, 1:21-23, ECF No. 25.) Plaintiff did not specify the reasons for which dismissal was sought. Plaintiff requested that each party be ordered to bear their own attorneys' fees and costs and that no additional terms or conditions be imposed. Plaintiff did not specify why the Motion was brought under Rule 41(a)(2) instead of 41(a)(1), which does not require a Court Order. Defendants' Response did not challenge Plaintiff's request for dismissal without prejudice, but opposed Plaintiff's request that each party be ordered to bear their own attorneys' fees and costs. Defendants argued in a countermotion that any Order of Dismissal should provide for the imposition of costs and attorney fees. (ECF No. 26.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 41(a)(2) allows a court to dismiss an action at plaintiff's request, on terms that the court considers proper. The purpose of a voluntary dismissal under Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Svcs. of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citation omitted).

Although not required, "costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2)." *Stevedoring Svcs. of America v. Armilla Intern. B.V.*, 889 F.2d at 921. However, "the imposition of costs as a condition to a voluntary dismissal . . . is usually considered necessary for the protection of the defendant." *Id*. (quotation omitted).

Rule 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order by filing either a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. A notice or stipulation under Rule 41(a)(1) results in dismissal without prejudice, unless plaintiff previously dismissed any federal- or state-court action based on or including the same claim.

## DISCUSSION

Here, Defendants have not filed an answer to Plaintiff's Complaint, nor have they filed a motion for summary judgment. Neither Plaintiff nor Defendants assert that Plaintiff previously dismissed a federal- or state-court action based on or including the same claim. Therefore, it is unclear whether Plaintiff is required to obtain dismissal by court order.

However, since Plaintiff has requested a court order granting dismissal under Rule 41(a)(2), the Court will grant Plaintiff's request for dismissal without prejudice, but will deny Plaintiff's request that each party bear its own costs and attorneys' fees and that no additional terms or conditions be imposed. The Court finds that Defendants' request for the imposition of costs and attorney fees is reasonable under the circumstances, and conditions dismissal upon Plaintiff's payment of Defendants' attorneys' fees and costs incurred through the filing of Defendants' Response/Countermotion (ECF No. 26). The Court will therefore deny Defendants' Countermotion for the imposition of costs and attorney fees as moot, with permission to re-file if Plaintiff chooses to withdraw the Motion for Voluntary Dismissal.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal By Court Without Prejudice (ECF No. 25) is **GRANTED in part** and **DENIED in part**.  Dismissal without prejudice is **GRANTED** subject to the Court's terms and conditions.  Plaintiff's request that each party bear its own attorneys' fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that dismissal is conditioned upon Plaintiff's payment of Defendants' attorneys' fees and costs incurred through the filing of Defendants' Countermotion (ECF No. 26), in the amount of $5,727.77, plus any additional attorneys' fees and costs that may arise from any future proceedings in this matter.

**IT IS FURTHER ORDERED** that Plaintiff may withdraw the Motion for Voluntary Dismissal (ECF No. 25) **by January 20, 2012**.  Failure to do so shall constitute its consent to the Court's terms and conditions.

**IT IS FURTHER ORDERED** that Defendants' Countermotion (ECF No. 26) for the imposition of attorney's fees and costs is **DENIED as moot**, with permission to re-file if Plaintiff chooses to withdraw the Motion for Voluntary Dismissal (ECF No. 25).

DATED this 5th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge